UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

NEIL STRONG,

        Plaintiff,

v.                             **MEMORANDUM OF LAW & ORDER**
                               Civil File No. 10-2315 (MJD/FLN)

STRYKER CORPORATION,
a Michigan corporation, and
STRYKER SALES CORPORATION,
a Michigan corporation,

        Defendants.

Colin P. King, Jessica A. Andrew, and Paul M. Simmons, Dewsnup, King & Olsen, and Yvonne M. Flaherty, Lockridge Grindal Nauen, PLLP, Counsel for Plaintiff.

Timothy P. Griffin and Brian W. Thomson, Leonard Street and Deinard, PA, and Vaughn A. Crawford, Snell & Wilmer LLP, Counsel for Defendants.

## I. INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint. [Docket No. 8] Defendants' motion is, in large part, a premature motion for summary judgment, which requests that the Court not take the allegations in the Complaint as true. This request is wholly

1

inappropriate. Based upon the Court's careful review of the briefs and record in this case, the Court concludes that oral argument is unnecessary and it **DENIES** the Motion to Dismiss. Oral argument, which was set for Friday, December 3, 2010, is **CANCELLED**.

## II. BACKGROUND

### A. Factual Background

Plaintiff Neil Strong is a California resident. Defendants are Stryker Corporation and its subsidiary, Stryker Sales Corporation (collectively, "Stryker"). Stryker is a Michigan corporation, located in Michigan. Stryker designed, manufactured, promoted, and distributed pain pumps, which deliver a continuous amount of pain medication, through a catheter, directly to a surgical site after surgery. The pain pumps are designed to be used with anesthetics over the course of two or more days. The Complaint alleges that the pain pumps are not safe for use in or near the shoulder joint and that their use in the shoulder joint can cause chondrolysis, destruction of the cartilage.

Strong underwent three surgeries on his right shoulder on October 10, 2001; March 9, 2004; and March 21, 2005. After each surgery, Plaintiff's surgeon placed a catheter in the shoulder joint and connected it to a Stryker pain pump,

which was filled with anesthetic. After each surgery, the pain pump remained in place for three days.

After the first surgery, Strong began to experience significant degenerative changes in his shoulder joint. Strong has now been diagnosed with chondrolysis in his right shoulder joint. He asserts that the use of the Stryker pain pumps in his shoulder joint caused his injury.

### B. Procedural Background

On June 10, 2010, Plaintiff filed a Complaint against Stryker Corporation and Stryker Sales Corporation in this Court. The Complaint alleges: Count I: Strict Products Liability – Design Defect; Count II: Strict Product Liability – Failure to Warn; Count III: Negligence; Count IV: Fraud; Count V: Negligent Misrepresentation; Count VI: Breach of Express Warranty; Count VII: Breach of Implied Warranty of Merchantability; and Count VIII: Breach of Implied Warranty of Fitness for a Particular Purpose.

Defendants have filed a motion to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 9(b) and 12(b)(6).

## III. DISCUSSION

### A. Legal Standard for Motion to Dismiss under Rule 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move the Court to dismiss a claim if, on the pleadings, a party has failed to state a claim upon which relief may be granted. In reviewing a motion to dismiss, the Court takes all facts alleged in the complaint to be true. Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Thus, although a complaint need not include detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Id. (citations omitted).

The Court must view the Complaint as a whole. Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). A claim is plausible where "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted).

Overall, Stryker attacks the Complaint on the merits, which is a violation of the requirement that, on a motion to dismiss, the Court accept all factual allegations in the Complaint as true. In fact, a complaint survives a motion to dismiss even when "it strikes a savvy judge that actual proof of the facts alleged

4

is improbable, and 'that a recovery is very remote and unlikely.'" Id. (citation omitted). Stryker's arguments are suited for a summary judgment motion, which should not be filed before discovery has occurred in this case.

Therefore, the Court rejects Stryker's assertions 1) that, despite the allegations in the Complaint, it did not promote the use of its pain pumps in the shoulder joint space; 2) that it did not promote such use to Plaintiff's surgeons; 3) that it did not know, and should not have known, of the risk posed by using its pain pumps to infuse anesthetics into the shoulder joint space; and 4) that the use of its pain pumps in the shoulder joint does not cause chondrolysis. At this stage in the litigation, the Court will not examine deposition testimony, medical literature, or other outside evidence that contradicts the Complaint to determine the veracity of the allegations made in the Complaint. The Court accepts the allegations in the Complaint as true, including the clear, factually-supported pleading of promotion, knowledge, and causation.

**B.    Choice of Law**

Stryker claims that the Court must conduct a choice of law analysis at this stage. It offers Michigan, California, and Minnesota law as the possibly

applicable law. It further claims that California law appears to apply, and that California law bars Plaintiff's breach of warranty claims.

The Court agrees that, at some point, it must "conduct a thorough conflicts-of-law analysis." See In re St. Jude Med. Inc., 425 F.3d 1116, 1120 (8th Cir. 2005). However, at this point, before discovery has occurred, the Court does not have sufficient information to determine which state's law applies. The Court declines Stryker's invitation to make a premature decision regarding the correct choice of law.

**C.     Application of 12(b)(6) Standard to the Complaint**

After examining the detailed Complaint, the Court holds that Strong has pled facts to support the required elements of his claims under the laws of Minnesota, Michigan, or California, with the exception that he has failed to plead privity, as is required for California warranty claims. See Adams v. I-Flow Corp., No. CV09-09550 R(SSx), 2010 WL 1339948, at *4 (C.D. Cal. Mar. 30, 2010) ("Under controlling California law, privity between the patient and the manufacturer of medical device or pharmaceutical product is a necessary component of breach of warranty claims. In the context of prescription medical devices and pharmaceuticals, the transaction is between the manufacturer and

6

the physician, not the patient.") (citations omitted).  However, at this stage of the litigation, the parties have not provided the Court with enough information to perform an informed choice of law analysis.  Because the Court cannot yet definitively state whether or not California law – with its privity requirement – will apply, it denies the motion to dismiss the warranty claims based on lack of privity.  Similarly, the Court concludes that it is premature to determine whether Plaintiff's request for attorneys' fees and disgorgement, listed in his prayer for relief, should be stricken.

The Court also rejects Stryker's arguments that there is no independent claim for failure to test – no such independent claim is asserted in this Complaint.  Instead, Plaintiff alleges that Stryker's failure to test is a fact that underlies claims for strict liability.  See, e.g., Kociemba v. G.D. Searle & Co., 707 F. Supp. 1517, 1528 ((D. Minn. 1989) ("The duty to test is a subpart of duties to design a product non-negligently, manufacture a product non-negligently, and provide adequate warnings of dangers associated with its use.").

Overall, Plaintiff has adequately set forth the factual basis for each of his asserted claims.

### D. Pleading with Particularity

The Court rejects Stryker's claim that Plaintiff has failed to plead the fraud claims with sufficient particularity.

Plaintiffs must plead allegations of fraud with particularity. Fed R. Civ. P. 9(b). Generally, a complaint must identify the "who, what, where, when, and how of the alleged fraud." Parnes v. Gateway 2000, Inc., 122 F.3d 539, 550 (8th Cir. 1997). However, the Court interprets the requirements of Rule 9(b) "in harmony with the principles of notice pleading." Abels v. Farmers Commodities Corp., 259 F.3d 910, 920 (8th Cir. 2001). "Rule 9(b) does not require that a 'complaint be suffused with every minute detail of a misrepresentation.'" McGregor v. Uponor, Inc., Civil No. 09-1136 ADM/JJK, 2010 WL 55985, at *4 (D. Minn. Jan. 4, 2010) (quoting Carlson v. A.L.S. Enters., Inc., No. 07-3970, 2008 WL 185710, at *3 (D. Minn. Jan. 18, 2008)). The purpose of Rule 9(b) is to adequately apprise the defendant of the claims against it and the factual basis for those claims so that it can respond to and prepare a defense to the charges of fraud. Commercial Property Investments, Inc. v. Quality Inns Int'l, Inc., 61 F.3d 639, 646 (8th Cir. 1995).

Here, Plaintiff clearly pleads sufficient facts to put Stryker on notice of the basis for the fraud claims against it. He alleges the "who, what, where, when,

and how of the alleged fraud." Although he does not provide the specific dates and places that Stryker provided misrepresentations to his surgeons, in the context of this case, in which no discovery has yet occurred and the representations were made by Stryker to third parties – Plaintiff's surgeons – the type of allegations made here are sufficient. See McGregor, 2010 WL 55985, at *4 (holding, under similar circumstances, that "a plaintiff is not required to plead the exact dates on which misrepresentations were made") (citation omitted). The allegations in the Complaint give Stryker ample notice of Strong's claims and the bases for those claims. The Court denies Stryker's motion to dismiss under Rule 9(b).

### E. Statute of Limitations

Stryker argues that Plaintiff's claims based on the first and second surgeries are barred by Minnesota's statute of limitations. When the statute of limitations is at issue, dismissal is proper only if it appears from the face of the complaint that the limitation period has run and the complaint contains no facts to toll that running. Varner v. Peterson Farms, 371 F.3d 1011, 1016 (8th Cir. 2004).

The Court rejects Stryker's assertion that, at this stage of the litigation, any claims are barred by the applicable statute of limitations.

### 1. Misrepresentation and Fraud Claims

Minnesota's statute of limitations for misrepresentation is six years. Minn. Stat. § 541.05, subd. 1(6). The statute of limitations "shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud." Id.; Kassan v. Kassan, 400 N.W.2d 346, 349 (Minn. Ct. App. 1987). "The facts constituting the fraud are deemed to have been discovered when, with reasonable diligence, they could and ought to have been discovered." Bustad v. Bustad, 116 N.W.2d 552, 555 (Minn. 1962). Plaintiff has pled sufficient facts to show that, with reasonable diligence, Stryker's fraud would not have been discovered until July 2007, which, according to Stryker, is the date of the first published article to suggest an association between chondrolysis and the infusion of anesthetics into the joint space. Moreover, as examined in the next section, Plaintiff has adequately pled facts to support tolling based on fraudulent concealment continuing until October 2007.

## 2. Strict Product Liability and Negligence Claims

Minnesota's statute of limitations for strict liability claims is four years. Minn. Stat. § 541.05, subd. 2. The statute of limitations for negligence claims is six years. Minn. Stat. § 541.05, subd. 1(5).

The parties disagree on whether, for claims associated with defective products, Minnesota employs the damage rule of accrual or the discovery rule of accrual. Compare Antone v. Mirviss, 720 N.W.2d 331, 335-36 (Minn. 2006) (holding, in a legal malpractice case, that "Minnesota has taken the middle ground by adopting the 'damage' rule of accrual, under which the cause of action accrues and the statute of limitations begins to run when 'some' damage has occurred as a result of the alleged malpractice."), with Hildebrandt v. Allied Corp., 839 F.2d 396, 398 (8th Cir. 1987) ("Under Minnesota law, two elements must be satisfied under the discovery rule before a cause of action accrues in cases involving injuries caused by a defective product: (1) a cognizable physical manifestation of the disease or injury, and (2) evidence of a causal connection between the injury or disease and the defendant's product, act, or omission.") (citations omitted).

Regardless of which accrual rule applies, at this pleadings stage, the Court rejects Stryker's claim that any claims are time-barred. Even if Minnesota does

11

not recognize the discovery rule, Plaintiff's causes of action survive because he has adequately pled that Stryker fraudulently concealed the existence of his cause of action until at least October 2007. Fraudulent concealment tolls the statute of limitations "until discovery or reasonable opportunity for discovery of the fact by the exercise of ordinary diligence." Wild v. Rarig, 234 N.W.2d 775, 795 (Minn. 1975). Tolling applies to non-fraud causes of action, such as the strict liability and negligence claims asserted here. See Abbotts v. Campbell, 551 F.3d 802, 805 (8th Cir. 2008) ("[F]raudulent concealment of information material to a non-fraud claim will toll a limitations period.") (citation omitted).

### 3. Breach of Warranty Claims

The statute of limitations for breach of warranty in Minnesota is four years. Minn. Stat. §336.2-725, subd. 1. A warranty claim accrues upon tender of delivery. Minn. Stat. § 336.2-725, subd. 2; Highway Sales v. Blue Bird Corp., 559 F.3d 782, 789 (8th Cir. 2009). However, tolling based on fraudulent concealment also applies to breach of warranty claims. Minn. Stat. § 336.2-725, subd. 4; Marvin Lumber & Cedar Co. v. PPG Indus., Inc., 223 F.3d 873, 877 (8th Cir. 2000). Thus, Plaintiff's well-pled allegations of fraudulent concealment until October 2007 prevent dismissal of these claims.

Therefore, the Court concludes that none of Plaintiff's claims are subject to dismissal based on statute of limitations.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Defendants' Motion to Dismiss Plaintiff's Complaint [Docket No. 8] is **DENIED**.

Dated:  December 1, 2010         s/ Michael J. Davis
                                 Michael J. Davis
                                 Chief Judge
                                 United States District Court