UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

NEIL STRONG,

        Plaintiff,

v.   **MEMORANDUM OF LAW & ORDER**
    Civil File No. 10-2315 (MJD/FLN)

STRYKER CORPORATION,
a Michigan corporation, and
STRYKER SALES CORPORATION,
a Michigan corporation,

        Defendants.

Colin P. King, Jessica A. Andrew, and Paul M. Simmons, Dewsnup, King & Olsen, and Yvonne M. Flaherty, Lockridge Grindal Nauen, PLLP, Counsel for Plaintiff.

Timothy P. Griffin and Brian W. Thomson, Leonard Street and Deinard, PA, and Vaughn A. Crawford, Snell & Wilmer LLP, Counsel for Defendants.

    This matter is before the Court on Plaintiff's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a). [Docket No. 31] Having received and reviewed all of the parties' submissions regarding this motion, as well as the entire record in this case, the Court concludes that oral argument is unnecessary and will rule on the

papers in this matter.   The Court will transfer this case to the Western District of Michigan.  Oral argument, which was set for Friday, April 29, 2011, is cancelled.

This action is one of many product-liability actions involving pain pumps that have been filed in the District of Minnesota despite having no discernable connection to Minnesota.  Plaintiff Neil Strong currently lives in San Diego, California, located within the Southern District of California.  Defendants Stryker Corporation and its subsidiary, Stryker Sales Corporation (collectively, "Stryker") are Michigan corporations, with their principal places of business in Kalamazoo, Michigan, within the Western District of Michigan.  Stryker designed, manufactured, promoted, and distributed pain pumps, which deliver a continuous amount of pain medication, through a catheter, directly to a surgical site after surgery.  From 2001 through 2005, Strong underwent three right shoulder surgeries, after which Defendants' pain pumps were used.  These three surgeries all occurred in Michigan.  (Plaintiff also underwent surgery in Michigan on his left shoulder, utilizing a pain pump, but that surgery is not a basis for his current lawsuit.)  During this time period, Plaintiff lived at different locations within Michigan, both in the Eastern and Western Districts of

Michigan. In 2007, after the pain pumps were used, Plaintiff moved to Illinois and then to San Diego, California.

Strong now sues for damages that he allegedly sustained from pain pumps that continuously injected anesthetic into his shoulder joint following the surgeries. No act giving rise to this action occurred in Minnesota, and none of the alleged injuries for which Plaintiff seeks to recover were suffered in Minnesota.

Plaintiff maintains that, pursuant to 28 U.S.C. § 1404, transfer to the United States District Court for the Southern District of California is warranted. Defendant asserts that transfer to the Western District of Michigan is more appropriate. When considering a motion to transfer under § 1404(a), the Court considers three factors: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). When analyzing the convenience prong, courts typically consider "(1) the convenience of the parties, (2) the convenience of the witnesses – including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct

complained of occurred, and (5) the applicability of each forum state's substantive law." Id. at 696. "In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." Id. at 695 (citations omitted). However, in this case, it is Plaintiff who seeks to transfer out of his chosen forum, although there has been no change in circumstances. As a threshold matter, the Court notes that this action could have been brought in either the Southern District of California or the Western District of Michigan because Defendants are subject to personal jurisdiction in both districts.

     Transferring this case will promote the interests of justice and the convenience of the parties. No party, potential witness, evidence, or relevant event has any relevant connection to Minnesota. Moreover, a transfer will not prejudice any party. This case will remain in federal court and, assuming that this case was properly filed in Minnesota, the same choice-of-law rules would apply after transfer. See Ferens v. John Deere Co., 494 U.S. 516, 523 (1990) (holding that a § 1404(a) transfer does not change the law applicable in a diversity case). The main effect of a transfer will be to put the parties in a forum

that has some connection to the underlying dispute and is more convenient for the parties.

The Court concludes that transfer to the Western District of Michigan is the most appropriate outcome in this case. Either venue now advocated by the parties would have a stronger connection to this case than the District of Minnesota. The Western District of Michigan is more convenient than the Southern District of California.

Between the Southern District of California and the Western District of Michigan, the convenience of the parties factor is neutral. The Southern District of California would be more convenient for Strong because he resides within that district. The Western District of Michigan would be more convenient for Defendants because they are located there.

Between the Southern District of California and the Western District of Michigan, the convenience of the witnesses factor weighs in favor of the Western District of Michigan. Defendants' principal places of business are located within the Western District of Michigan, so many of its relevant employee witnesses will be located there. The physicians who used pain pumps on Plaintiff's shoulder are located in Michigan. If they are not located within the Western District of

Michigan, they are located close by, likely within the subpoena power of that court. Travel to trial will not be inconvenient for them. The only non-party witness located in California is Plaintiffs' current treating physician – and a past treating physician is located in Chicago, Illinois, far closer to the Western District of Michigan than to the Southern District of California. The records relevant to the design and sale of the pain pumps originate from Defendants' headquarters, located within the Western District of Michigan. The records relevant to the use of the pain pumps on Plaintiff's shoulder originate from the locations in which the surgeries were performed, in Michigan. The records are either within the Western District of Michigan or close by, likely within the subpoena power of that court.

The interests of justice also favor transfer to the Western District of Michigan. Michigan has the greatest interest in the outcome of this case because the alleged torts and injuries occurred within that state. Not only did the use of the pain pumps occur in Michigan, but also, the alleged wrongful acts by Defendants, such as design and sale of the pain pumps, occurred in Michigan. At the time of the alleged torts, the victim was a Michigan resident and the alleged tortfeasors are Michigan corporations. Michigan substantive law is likely

to apply to a tort that occurred in Michigan with products designed and sold by Michigan corporations. It is beneficial to have the District Court for the Western District of Michigan interpret Michigan law.

The parties agree that this case should be transferred out of the District of Minnesota, which is a wholly inconvenient location for this litigation. Overall, transfer to the Western District of Michigan is the just outcome. See, e.g., Dufresne v. DJO, LLC, Civil No. 10-816 (ADM/JJK), 2010 WL 4942027, at *4 (D. Minn. Nov. 30, 2010); Escobedo v. I-Flow Corp., Civil No. 10-1982 (DWF/FLN), 2010 WL 5872426, at *3 (D. Minn. Nov. 9, 2010).

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

> Plaintiff's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) [Docket No. 31] is **GRANTED IN PART** and **DENIED IN PART** as follows: This case is transferred to the United States District Court for the Western District of Michigan.

Dated:  April 26, 2011                       s/ Michael J. Davis
                                                    Michael J. Davis
                                                    Chief Judge
                                                    United States District Court